UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-03738-ODW (PDx) | Date | May 23, 2023 |
|---|---|---|---|
| Title | *Joseph Nahhas v. FCA US LLC et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**     **ORDER TO SHOW CAUSE re: Subject Matter Jurisdiction (Amount in Controversy)**

    Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Id.* §§ 1331, 1332(a).

    A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides submit proof," and the court decides whether the defendant has proven the amount in controversy by a preponderance of the evidence.  *Id.* at 88–89.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

    The Court has reviewed Plaintiff's Complaint and Defendant FCA US, LLC's Notice of Removal.  The Court finds that neither contain allegations which on their face plausibly establish that the amount in controversy exceeds $75,000.  Thus, the Court questions whether it has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

     Defendant removed this case and therefore bears the burden of establishing subject matter jurisdiction.  Accordingly, Defendant is **ORDERED to SHOW CAUSE**, in writing only, to be received by the Court no later than **June 22, 2023**, why this action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Plaintiff may, but is not required to, file a single written Reply to Defendant's Response, to be received by the Court no later than **June 29, 2023**.  All briefs are limited to ten (10) pages.

     The parties should understand this Order to be a dual-pronged inquiry into both the facial sufficiency of Defendant's jurisdictional allegations as well as the factual sufficiency of Defendant's demonstration of the amount in controversy, which the Court now calls on Defendant to make.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014); *Owens*, 574 U.S. at 88–89.  The parties are accordingly encouraged to submit declarations or other evidence in support of their jurisdictional contentions.

     Defendant's failure to timely respond to this Order shall result in a remand without further warning.

     **IT IS SO ORDERED.**

|                    |       :      |    00    |
|--------------------|--------------|----------|
| Initials of Preparer | SE         |          |